# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HSBC BANK USA, N.A.,**

    **Plaintiff,**

**v.**                                                                              **Case No:   6:14-cv-1149-Orl-31GJK**

**CAMBRIA AT POLOS SOUTH
CONDOMINIUM ASSOCIATION, INC.,
KISS BH18 LLC and SCOTT W.
FITZPATRICK, ESQ.,**

    **Defendants.**

## ORDER

This matter is before the Court on HSBC Bank USA, N.A.'s ("HSBC") Emergency Ex Parte Motion for Temporary Restraining Order (Doc. 2) ("Motion").

### I.   Background

HSBC came to the Court with its Complaint (Doc. 1) and the Motion the day before title for a condominium unit is scheduled to be transferred and requested the Court halt the transfer. Pursuant to a Plan of Termination of Cambria at Polos South, a Condominium, ("Termination Agreement") it appears that Scott W. Fitzpatrick, Esq., acting as Termination Trustee and KISS BH18, LLC ("KISS"), the owner of more than 80% of the units at Cambria at Polos South, a Condominium, ("Condominium"), agreed to terminate the Condominium. The termination will cause the title to all of the units to be transferred to the Termination Trustee, who will then sell the units and pay lien holders. HSBC is one such lien holder for a condominium unit owned by Consuela Smith. The fair market value of Ms. Smith's unit is appraised at $61,000 with an outstanding loan balance of $149,920.70. Thus, HSBC is significantly under-secured with respect to the loan.

HSBC's letter objecting to the termination stated that the original date of termination was scheduled for June 5, 2014, however, the Motion states that it is now scheduled for today, July 17, 2014. The Termination Agreement was executed on February 4, 2014, and presumably served on the Plaintiff within 30 days after its recordation on February 25, 2014. In any event, HSBC was aware of the impending transfer of title no later than June 3, 2014. (*See* Doc. 1-3 (Termination Agreement dated February 4, 2014, objection letter from HSBC dated June 3, 2014). At this late hour, HSBC appears before the Court to request the extraordinary remedy of a Temporary Restraining Order ("TRO") without the Defendants having the opportunity to be heard.

## II.     Standard

To warrant a TRO Plaintiff must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (*citing Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995)). *See also Hammock ex rel. Hammock v. Keys et al.*, 93 F. Supp. 2d 1222, 1226–1227 (S.D. Ala. 2000). The standard for a preliminary injunction also applies to a request for a TRO. *Morgan Stanley DW, Inc., v. Frisby*, 163 F. Supp. 2d 1371, 1374 (N.D. Ga. 2001) (*citing Ingram*, 50 F. 3d at 900)). A TRO is an extraordinary remedy, and is not warranted unless the Plaintiff has clearly met the four required elements. *C.f., McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Northeastern Fl. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir.1990).

### III.     Analysis

A TRO is only warranted where the Plaintiff demonstrates a substantial threat of irreparable injury. *Tough Mudder, LLC v. Mad Cap Events, LLC*, 6:12-CV-354-ORL-31, 2012 WL 1946073 at *2 (M.D. Fla. May 30, 2012) (addressing irreparable injury in context of preliminary injunction). Delay in seeking a TRO undercuts the proposition that there is a threat of irreparable injury. *Id.* Here, the Plaintiff knew of the planned transfer over a month ago. Further, it offers no explanation as to why it did not seek relief immediately following the continuance on the transfer date, moving it from June 5, 2014 to July 17, 2014. It appears that the parties were in communication and HSBC was well aware of the threat to its interests as well as its current legal theory of objection. (*See* Doc. 1-3 at 39-40). The delay contradicts HSBC's contention that it faces irreparable harm.

Further, as HSBC notes in its Motion, a party suffers irreparable injury when it cannot be made whole by the payment of monetary damages alone. (*See* Doc. 2 at 10 (citing *ABC Charters, Inc. v. Bronson*, 591 F. Supp. 2d 1272, 1309 (S.D. Fla. 2008)). However, losing out on money is precisely what HSBC has complained of. The property is security on a loan and HSBC is concerned that it will not be able to recoup the remaining unsecured debt. (*See id.*). Unless there is some unique aspect of the underlying condominium unit, this injury can plainly be remedied by payment of monetary damages. Threat of irreparable injury has not been clearly met and a TRO is not warranted.

It is, therefore,

**ORDERED,** the Motion (Doc. 2) is **DENIED** insofar as it requests a Temporary Restraining Order, the Motion is hereby converted into a Motion for Preliminary Injunction. The Plaintiff is directed to serve the Defendants with the Complaint, Motion, and this Order as soon as possible. The Defendants shall have until July 25, 2014 to file a written response to the Motion for Preliminary Injunction, which shall not exceed twenty (20) pages. The parties and counsels of record will appear

before this Court for a hearing on the Motion for Preliminary Injunction on August 4, 2014 at 1:30 p.m. in courtroom 5A for the Plaintiff to present argument on why a preliminary injunction is warranted.

    **DONE** and **ORDERED** in Chambers, Orlando, Florida on July 17, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party